TRINIDAD BRICK & TILE CO., PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 25035.    Promulgated October 31, 1927.

> Where petitioner was granted permission to change the basis of
> valuing its inventories beginning with the closing inventory for
> 1921, but did not make such change, the use of the new method
> beginning in 1922 is unauthorized.

*Joseph C. Bell, Esq.,* for the petitioner.
*P. J. Rose, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in
income taxes of $1,561 for the year 1922. The deficiency results from

an increase by the respondent of inventory of materials in the amount of $10,487.98 taken by the petitioner as its opening inventory in the year 1922.

### FINDINGS OF FACT.

The petitioner is a Colorado corporation with its principal office at Trinidad, Colo.

Prior to December 31, 1921, it had valued its inventory at the close of each year by taking an actual count of the articles on hand and had applied an estimated cost value to this account. During the year 1921 petitioner installed a cost system, and on March 8, 1922, applied to the respondent for permission to change its basis for valuing its inventory at the close of the year 1921. By letter dated May 5, 1922, this permission was granted. The petitioner, however, did not change its inventory at December 31, 1921, but returned its income for the year 1921 on the old basis of inventory valuation. On its return for the year 1922 petitioner computed its net income by adjusting the inventory valuation as at January 1, 1922, thus charging into the cost of operation for the year 1922 an amount of $10,487.98, the difference between the inventory on the old and the new basis. The adjustment to the opening inventory for the year 1922 of $10,487.98 was disallowed by the Commissioner and forms the only issue in the appeal.

### OPINION.

SIEFKIN: The petitioner contends that in order to properly reflect income, and in accordance with permission granted by the respondent, it is entitled to start the new basis of inventories with the year 1922. The permission granted by the Commissioner, however, was conditioned upon such change being made in the closing inventory for 1921. Under sections 212, 232, and 203 of the Revenue Act of 1921, inventories must be taken upon such basis as clearly reflects the income. In view of the fact that the petitioner was changing his basis of inventories, it is necessary that he do so in such a manner as not to distort income and, since the permission of the Commissioner allowed petitioner to start such change with the closing inventory of 1921, we can not say that what the petitioner did clearly reflected his income for 1921. The petitioner can not adopt such portion of the permission as is favorable to it and reject the rest without a satisfactory showing that in so doing it clearly reflects income.

*Judgment will be entered for the respondent.*

Considered by TRAMMELL, MORRIS, and MURDOCK.